IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMBASSY OF THE BLESSED KINGDOM OF GOD FOR ALL NATIONS CHURCH, et al. | : : : : | CIVIL ACTION |
| v. | : : | |
| ERIC H. HOLDER, et al. | : | NO. 13-41 |

MEMORANDUM

Bartle, J.                                                          August 28, 2013

      Plaintiffs Embassy of the Blessed Kingdom of God for all Nations Church, God's Embassy Church, and Mykhaylyk Oleksandr ("Oleksandr") have sued the following defendants in their official capacities: Eric H. Holder, the United States Attorney General; Janet Napolitano, the United States Secretary of the Department of Homeland Security; Alejandro Mayorkas, the Director of the United States Citizenship and Immigration Services ("U.S.C.I.S."); and Evangelia Klapakis, the Field Office Director of U.S.C.I.S. Philadelphia, Pennsylvania Field Office. Count I of plaintiffs' complaint seeks judicial review under the Administrative Procedure Act ("APA"), Count II petitions for a writ of mandamus, and Count III alleges that the defendants have violated the Fifth Amendment of the United States Constitution.

      The defendants have moved to dismiss partially the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Since that filing, we have dismissed as unopposed all allegations with regard to the Form I-360 Special

Immigrant Religious Worker Petition filed on May 18, 2012 ("2012 Petition") and Count II of the complaint, entitled "Violation of 28 U.S.C. § 1361, The Law of Mandamus."  The defendants are not moving to dismiss Count I of the complaint, entitled "Violation of APA, 5 U.S.C. § 702," as it relates to the Form I-360 Special Immigrant Religious Worker Petition filed on August 31, 2009 ("2009 Petition").  All that remains presently for disposition is Count III of the complaint, entitled "Constitutional Due Process Claims," as it relates to the 2009 Petition.  The defendants seek the dismissal of this count under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

The following facts are undisputed or taken in the light most favorable to the plaintiffs.  God's Embassy Church, located in Sacramento, California, ("God's Embassy Church of Sacramento") sponsored Oleksandr to enter the United States with an R-1 nonimmigrant religious work visa.  At the time, God's Embassy Church of Sacramento was affiliated with the Embassy of the Blessed Kingdom of God for All Nations Church, located in Ukraine (the "Embassy in Ukraine").  Oleksandr entered the United States with R-1 nonimmigrant status on April 7, 2008.  A little more than a year later, God's Embassy Church of Sacramento filed the 2009 Petition.  In this petition, God's Embassy Church of Sacramento was acting as an associated and affiliated branch of the Embassy in Ukraine.

Over two years later, on November 9, 2011, U.S.C.I.S. sent a notice of intent to deny the 2009 Petition to which the plaintiffs timely responded. While the 2009 Petition was pending, God's Embassy Church of Sacramento had ceased to be affiliated with the Embassy in Ukraine. However, Oleksandr had established an affiliate of the Embassy in Ukraine in Philadelphia, Pennsylvania ("God's Embassy Church of Philadelphia"). The plaintiffs responded to the notice of intent to deny and explained that God's Embassy Church of Philadelphia is the "full successor in interest in terms of the religious representation of" the Embassy of Ukraine and requested that God's Embassy Church of Philadelphia be substituted for God's Embassy Church of Sacramento in the 2009 Petition. On March 21, 2012, U.S.C.I.S. denied the 2009 Petition.

On April 10, 2013, God's Embassy Church of Philadelphia filed a form I-290B, which was a motion to reconsider the denial of the 2009 Petition. This motion was denied by the Administrative Appeals Office of U.S.C.I.S. on October 24, 2012. However, before the motion was denied, God's Embassy Church of Philadelphia had filed the 2012 Petition. On June 6, 2012, U.S.C.I.S. informed God's Embassy Church of Philadelphia that it was holding the 2012 Petition until the motion to reconsider the denial of the 2009 Petition was addressed. The plaintiffs filed their complaint in this court on January 4, 2013. On May 14, 2013, U.S.C.I.S. issued a decision denying the 2012 Petition.

The third count of the plaintiffs' complaint, as it applies to the 2009 Petition, alleges that the denial of the 2009 Petition violates the plaintiffs' due process rights under the United States Constitution. Specifically, the plaintiffs aver that U.S.C.I.S. "violated the due process of law by impermissibly narrowly interpreting the statute and refusing to allow amendment of the [2009] Petition despite clear congressional intent to allow the issuance of immigrant visas to bona fide ministers affiliated with bona fide religious denominations." They appear to claim violations of both substantive and procedural due process.

The Due Process Clause of the Fifth Amendment to the United States Constitution guarantees that "no person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The due process protections of the Fifth Amendment extend to "all persons within the territory of the United States ... and ... even aliens shall not be ... deprived of life, liberty, or property without due process of law." Wong Wing v. United States, 163 U.S. 228, 238 (1896); see also Reno v. Flores, 507 U.S. 292, 306 (1993).

The plaintiffs appear to have brought the third count of their complaint directly under the Fifth Amendment of the United States Constitution. The Supreme Court has held that "a cause of action and a damages remedy can be implied directly under the Constitution when the Due Process Clause of the Fifth Amendment is violated." Davis v. Passman, 442 U.S. 228, 230

(1979) (citing Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)); see also Schweiker v. Chilicky, 487 U.S. 412, 428-429 (1988).[1]  However, the Supreme Court has further explained that actions brought directly under the Constitution are precluded if there is an "alternative, existing process for protecting the interest."  See Wilkie v. Robbins, 551 U.S. 537, 550 (2007).

There is an alternative existing process for protecting the plaintiffs' substantive due process interests.  Indeed, they have sued under that process.  They request the same remedy under both the APA and the United States Constitution, that is, that the court declare the denial of the 2009 Petition to be contrary to law and order the U.S.C.I.S. to grant the 2009 Petition.  The APA contains a mechanism for reviewing a final agency action under 5 U.S.C. § 702, which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  Furthermore 5 U.S.C. § 706 provides:

> To the extent necessary to decision and when
> presented, the reviewing court shall decide
> all relevant questions of law, interpret
> constitutional and statutory provisions, and
> determine the meaning or applicability of the
> terms of an agency action.  The reviewing
> court shall--

---

1.  The Supreme Court has not had occasion to pass upon the right to equitable relief under claims brought directly under the Constitution.

>        (1) compel agency action unlawfully
> withheld or unreasonably delayed; and
>        (2) hold unlawful and set aside agency
> action, findings, and conclusions found to
> be--
>        (A) arbitrary, capricious, an abuse of
> discretion, or otherwise not in accordance
> with law;
>        (B) contrary to constitutional right,
> power, privilege, or immunity;
>        (C) in excess of statutory
> jurisdiction, authority, or limitations, or
> short of statutory right;
>        (D) without observance of procedure
> required by law;
>        (E) unsupported by substantial evidence
> in a case subject to sections 556 and 557 of
> this title or otherwise reviewed on the
> record of an agency hearing provided by
> statute; or
>        (F) unwarranted by the facts to the
> extent that the facts are subject to trial de
> novo by the reviewing court.

Count I of the plaintiffs' complaint validly seeks injunctive relief under the APA.  Accordingly, the plaintiff's substantive due process constitutional claims are precluded.

The plaintiffs have also received procedural due process.  Procedural due process imposes constraints on governmental decisions that deprive individuals of certain types of liberty or property interests.  See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 (1972).  When the federal government seeks to deprive an individual of a liberty or property interest within the meaning of the Fifth Amendment's Due Process Clause, the individual must be afforded notice of the charges and the evidence against him or her and an opportunity to be heard.  Cleveland Board of Educ. v. Loudermill, 470 U.S. 532, 542, 546 (1985).  However, a full evidentiary hearing is not

always required.  Id. at 545.  "Due process is flexible and calls for such procedural protections as the particular situation demands."  Gilbert v. Homar, 520 U.S. 924, 930 (1997) (citation omitted).

The plaintiffs were provided with notice and an opportunity to be heard.  They submitted a response with objections once they received notice of intent to deny their petition from U.S.C.I.S.  Then, as noted above, they submitted a motion to reconsider the denial of the 2009 Petition.  The Administrative Appeals Office provided an explanation when it rejected this motion.  This process was sufficient procedural due process since it provided "the opportunity to be heard at a meaningful time and in a meaningful manner."  Matthews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotations and citations omitted).

For these reasons, we will grant the motion of the defendants to dismiss Count III of the plaintiffs' complaint.  Count I of the plaintiffs' complaint, as it relates to the 2009 Petition, remains.